**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:19-cv-02416__

YVONNE REED,

   Plaintiff,

v.

ROQUEMORE & ROQUEMORE, INC.,

   Defendant.

## COMPLAINT

NOW COMES, YVONNE REED, through counsel, SULAIMAN LAW GROUP, LTD., complaining of ROQUEMORE & ROQUEMORE, INC., as follows:

### NATURE OF THE ACTION

1. This action seeks damages for Defendant's alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. YVONNE REED ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Thornton, Colorado.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. ROQUEMORE & ROQUEMORE, INC. ("Defendant") is a foreign corporation with its principal place of business located in Garland, Texas.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On July 8, 2019, Plaintiff started to receive phone calls from Defendant.

9. Initially, she did not answer.

10. However, Plaintiff ultimately returned these calls.

11. Anthony, an employee of Defendant, informed Plaintiff that they were seeking to talk with "Sara" seeking recovery of collateral.

12. Plaintiff informed Anthony that she was not Sara nor did she know Sara.

13. Subsequently, Defendant contacted Plaintiff's mother and father.

14. Plaintiff's mother and father both talked with an unknown employee seeking to talk with "Yvonne."

15. Plaintiff's mother and father informed said employee that Yvonne was not available at this number they were calling.

16. In response, Defendant threatened Plaintiff's parents that they will be arrested if they don't cooperate.

17. Plaintiff's parents refused to cooperate.

18. Thereafter, Plaintiff received multiple phone calls from Defendant.

19. Each time, they've asked to speak with Sara – *not Plaintiff*.

20. Each time, Plaintiff informed Defendant they have wrong party.

21. Notwithstanding, Defendant's phone calls have persisted.

22. At no time, did Plaintiff receive a written validation notice from Defendant.

23. Upon information and belief, Defendant is calling Plaintiff to collect "debt" as defined by 15 U.S.C. § 1692a(5).

**DAMAGES**

24. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

25. Concerned with having had her (and her parents') rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection efforts ceased.

26. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection efforts.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

28. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d(5).

29. Defendant violated 15 U.S.C. § 1692d(5) by continuing to call Plaintiff in spite of being verbally informed by Plaintiff that they were calling the wrong party.

30. Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

### Violation of 15 U.S.C. § 1692e

31. Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (2)    the false representation of –

        (A)    the character, amount, or legal status of any debt.

    (10)    the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and e(10).

32. Merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under the FDCPA as a matter of law because it is, *ipso facto*, a false representation about the character of the debt. *See Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

33. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by targeting Plaintiff with collection calls in an effort to collect debt allegedly owed by Sara, an individual unknown to Plaintiff.

34. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who

fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)　any actual damage sustained by such person as a result of such failure;

(2)

　　(A)　in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)　in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.　a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(2)(A) and e(10);

B.　an award of any actual damages sustained by Plaintiff;

C.　an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.　an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.　an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 26, 2019               Respectfully submitted,

**YVONNE REED**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com